**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**


| | |
|---|---|
| Richard E. Crayton, | Civil No. 18-402 (DWF/ECW) |
| Petitioner, | |
| v. | **ORDER ADOPTING REPORT** |
| | **AND RECOMMENDATION** |
| United States of America, | |
| Respondent. | |


This matter is before the Court upon *pro se* Petitioner Richard E. Crayton's

("Petitioner" or "Crayton") objections (Doc. No. 22) to Magistrate Judge Elizabeth

Cowan Wright's April 23, 2019 Report and Recommendation (Doc. No. 16) insofar as it

recommends that Petitioner's petition for a writ of habeas corpus (Doc. No. 1) and

request for an evidentiary hearing be denied and that this case be dismissed with

prejudice.

The Court has conducted a *de novo* review of the record, including a review of the

arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local

Rule 72.2(b). The factual background for the above-entitled matter is clearly and

precisely set forth in the Report and Recommendation and is incorporated by reference

for purposes of Petitioner's objections.

In his present § 2241 Petition, Crayton challenges his death-enhanced sentence

because the Government did not prove beyond a reasonable doubt that the drugs

distributed by Crayton were the "but for" cause of the death of a woman who used those

drugs.   In the Report and Recommendation, Magistrate Judge Wright explained that

Federal district courts lack jurisdiction to hear a federal prisoner's collateral challenge to

his original conviction or sentence brought by a habeas petition unless the matter falls

within the scope of the "inadequate or ineffective remedy" savings clause.   (Doc. No. 16

at 8-9.)   The Magistrate Judge then considered whether Crayton's Petition falls within

the scope of the savings clause, applying the law of both the Seventh and Eighth Circuits,

and found that Crayton cannot satisfy the Seventh and Eighth Circuits' requirement that

he had no earlier procedural opportunity to present his claims within the courts of the

Seventh Circuit (the Court to which Crayton appealed his sentence).   Specifically, the

Magistrate Judge explained that the Seventh Circuit imposed a "but for" causation

standard at the time of Crayton's trial and sentencing, giving Crayton the opportunity to

assert that the trial court erred by not applying a "but for" causation standard at trial,

sentencing, during his appeal, and as part of his first § 2255 petition.   The Magistrate

Judge further found that having had that opportunity, Crayton cannot demonstrate that the

remedy provided by § 2255 is "inadequate or ineffective."   Thus, the Magistrate Judge

determined that Crayton's Petition fails because he had an earlier procedural opportunity

to present claims based on a "but for" causation standard and that the Court lacks subject

matter jurisdiction to hear his present collateral challenge under § 2241. Crayton has filed

objections to the Magistrate Judge's Report and Recommendation.   Crayton maintains

that he did not have an adequate opportunity to present his arguments for a remedy under

§ 2255.

The Court has carefully reviewed the Report and Recommendation, Crayton's objections, and the Government's arguments in response. After that review, the Court finds no reason to depart from the Magistrate Judge's recommendations, which are both factually and legally correct. The Magistrate Judge thoroughly considered whether Crayton's Petition falls within the scope of the savings clause, correctly concluded that it did not, and appropriately found that the district court lacks subject matter jurisdiction over the matter. In addition, the Magistrate Judge correctly concluded that an evidentiary hearing would shed no light on issues that would affect the outcome of the present Petition. Finally, Crayton's attempt to raise an actual innocence claim is untimely and should have been raised in Crayton's initial petition. Based upon the Court's *de novo* review of the record, the arguments and submissions of the parties, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

1.     Crayton's objections (Doc. No. [22]) to Magistrate Judge Elizabeth Cowan Wright's April 23, 2019 Report and Recommendation are **OVERRULED**.

2.     Magistrate Judge Wright's April 23, 2019 Report and Recommendation (Doc. No. [16]) is **ADOPTED**.

3.     Crayton's petition for a writ of habeas corpus (Doc. No. [1]) is **DENIED**.

4.     Crayton's request, in the alternative, for an evidentiary hearing is **DENIED**.

5.     This case is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:   September 12, 2019              s/Donovan W. Frank
                                        DONOVAN W. FRANK
                                        United States District Judge